**CIRCUIT COURT OF CHESTERFIELD COUNTY**

Singleton

v.

ICI Americas,
Knox Ramsey,
and David Echols

December 8, 1987

By JUDGE HERBERT C. GILL, JR.

I have concluded that the Demurrer should be sustained in accordance with the respective issues presented.

For the purposes of ruling on a demurrer, only those issues specifically addressed by defendant, and capable of determination from the face of plaintiff's amended Motion for Judgment, are ripe for determination. Other issues, such as the statute of limitations, may not be considered.

I. *Plaintiff fails to state a cause of action against the individual defendants.*

Knox Ramsey, Plant Manager, and David Echols, plaintiff's immediate supervisor, were employees of the defendant, ICI Americas. Plaintiff alleges that both persons, on separate occasions, represented that he could wear facial hair and remain an employee of defendant. These statements were allegedly made with fraudulent intent. Agents are properly joined with their principal in an action for fraud when the fraud is alleged to have occurred through the agent. *Logwood v. Holland*, 131 Va. 186, 196, 108 S.E. 571 (1921), (clearly proper to join agent when bill shows agent primarily responsible for fraud).

However, in the present case, plaintiff has failed to adequately allege fraud, as discussed *infra*. Therefore, the claims against the individual defendants are subject to demurrer.

## II. *Plaintiff's employment with ICI was terminable-at-will.*

Defendant correctly states the general common law rule that where, in a contract of employment, no provision is made for the period of its duration, the contract is terminable-at-will. *See Bowman v. State Bank of Keysville*, 229 Va. 534, 535, 331 S.E.2d 797 (1985).

Plaintiff asserts, in his brief, that this presumption of a contract terminable-at-will has been sufficiently rebutted in the present case because employees of defendant told plaintiff he could wear a beard to work.

Where the employer makes an agreement separate from the contract of employment involved, breach of the agreement may give rise to an action for damages. For example, in *Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 348, 297 S.E.2d 647 (1982), the court enforced an employer's promise to rehire the plaintiff once the plaintiff had resigned from another position in the company. The court relied on an earlier case wherein the employer had promised to hold some stock for the benefit of the employee. *See Twohy v. Harris*, 194 Va. 69, 72 S.E.2d 329 (1952). "We held that the employer's promise. . . was supported by consideration when the employee refrained from exercising his right to resign and continued to perform the services required of him." 194 Va. at 81. *Accord Barger v. General Electric Co.*, 599 F. Supp. 1154, 1159 (W.D. Va. 1984).

In the present case, plaintiff alleges that ICI America modified its contract of employment with him by promising not to fire him for wearing facial hair. Unlike the situation in *Sea-Land*, however, the facts alleged by plaintiff do not constitute any agreement separate from the parties contract of employment. The alleged agreement that plaintiff could wear facial hair was part and parcel of the original employment contract from its inception. As such, this agreement could be changed by the employer at will.

### III. *Plaintiff fails to state a cause of action for fraud.*

Plaintiff has alleged that he was told on three separate occasions he would not be fired for wearing a beard. According to plaintiff, he was then fired by defendant for that very reason. Plaintiff has not alleged that any of these statements were either a misrepresentation of a present fact or a promise made with the present intent not to perform it. Plaintiff has asserted nothing to indicate that the statements were not perfectly honest when made. A fraudulent intent will not be presumed. *Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 351, 297 S.E.2d 647 (1982).

Defendant's counsel is directed to prepare the appropriate order with leave to amend.